IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN CELOZZI,                                                    ORDER

                    Plaintiff,

                                                               3:07-cv-00645-bbc

      v.

FEDERAL BUREAU OF PRISONS,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for injunctive relief brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§701-706. Plaintiff Christian Celozzi, a federal prisoner, alleges that defendant Federal Bureau of Prisons is using 28 C.F.R. §§ 570.20 and 570.21 to determine when he is eligible for placement in a halfway house (which defendant now calls a Residential Reentry Center). Under §§ 570.20 and 570.21, plaintiff may not be transferred to a halfway house until the final 10% of his sentence. He contends that the regulations are invalid under 18 U.S.C. § 3621(b), which permits the Federal Bureau of Prisons to place prisoners in "any available penal or correctional facility," using five statutory criteria to make the assessment. He requests a preliminary injunction directing defendant to determine his eligibility for halfway house placement without reference to §§ 570.20 and

1

570.21.

Plaintiff raises the same claim raised in Tristano v. Federal Bureau of Prisons, No. 07-C-189-C, 2004 WL 5284511 (W.D. Wis. April 17, 2007), in which I granted a preliminary injunction to a prisoner arguing that 28 C.F.R. §§ 570.20 and 570.21 were invalid and that 18 U.S.C. § 3621(b) entitled him to immediate consideration for transfer to a halfway house. (A copy of the decision in Tristano was sent to the parties with the order granting plaintiff leave to proceed in this action.) The only difference between this case and Tristano is that plaintiff does not seek an immediate transfer; he simply asks that defendant be enjoined from using § 570.20 and § 570.21 to determine his eligibility for transfer to a halfway house. In essence, plaintiff is seeking a recalculation of his prelease preparation date (the projected date that plaintiff is eligible for transfer to a halfway house) because that is the only way that defendant is currently applying 28 C.F.R. §§ 570.20 and 570.21 to him.

Since I decided Tristano in April 2007, the legal landscape has not changed significantly. The Court of Appeals for the Seventh Circuit has still not yet had the opportunity to consider the validity of 28 C.F.R. §§ 570.20 and 570.21. However, the number of district courts around the country that have invalidated the regulations is proliferating. E.g., Bunch v. Berkebile, No. 3:07-CV-0719-B ECF, 2008 WL 323153 (N.D. Tex. Feb. 6, 2008); Thomas v. Eichenlaub, No. 06-CV-13707, 2007 WL 4572221 (E.D. Mich. Dec. 27, 2007); Yonker v. Palmquist, 2007 WL 2713028, *1 (W.D. Wash. 2007);

2

Williams v. Pettiford, 2007 WL 2688561, *9 (D.S.C. 2007); Weirup v. Eichenlaub, 2007 WL 2300715, *5 (E.D. Mich. 2007); Slater v. Smith, 2007 WL 1725664, *1 (E.D. Cal. 2007); Jaworski v. Gutierrez, 2007 WL 2443543, *10 (N.D. W. Va. 2007). But see Fauntleroy v. Patton, 2007 WL 2461625, *5 (E.D. Ky. 2007) (concluding that §§ 570.20 and 570.21 were not invalid under § 3621(b)).

This continues what is currently the uniform trend among circuit courts. Thus far, each court of appeals to consider the question has concluded that the "10% rule" of §§ 570.20 and 570.21 is contrary to 18 U.S.C. § 3621(b) because the statute prohibits the bureau from making categorical determinations regarding halfway house placement and instead requires it to consider five factors listed in the statute, including the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, statements by the sentencing court and any policy statements issued by the Sentencing Commission. Wedelstedt v. Wiley, 477 F.3d 1160, 1168 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 81 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1090-91 (8th Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005).

Defendant acknowledges that Tristano controls this case and that its brief consists of "its previous arguments" that it is presenting again to preserve for appeal. Dkt. #6, at 1. In accordance with Tristano, I will grant plaintiff's motion for a preliminary injunction.

3

ORDER

IT IS ORDERED that

Plaintiff Christian Celozzi's motion for a preliminary injunction is GRANTED. Defendant Federal Bureau of Prisons is directed to recalculate plaintiff's prelease preparation date using the factors identified in 18 U.S.C. § 3621(b) without reference to 28 C.F.R. §§ 570.20 and 570.21 and.  Defendant may have until February 25, 2008, in which to show cause why a permanent injunction should not be issued enjoining it from using §§ 570.20 and 570.21 to determine whether a halfway house placement is appropriate for plaintiff. If defendant does not respond by February 25, 2008, I will enter judgment in favor of plaintiff and direct the clerk of court to close this case.

Entered this 11th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge